IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| CRUSTANTATION MCRAE, | ) | |
| | ) | |
| Petitioner, | ) | No. 9:15-cr-0454-DCN-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Crustantation McRae's ("McRae") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 64. For the reasons set forth below, the court denies the motion. Further, the court finds as moot the pending motions related to McRae's § 2255 motion, ECF Nos. 70, 72, 74, and 75.

## I. BACKGROUND

On July 14, 2015, the government filed an indictment charging McRae with two counts: (1) robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") and (2) possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) ("Count 2"). ECF No. 2. On February 1, 2017, McRae pled guilty to Count 2 pursuant to a written plea agreement. ECF No. 53. On August 18, 2017, the court sentenced McRae to a term of imprisonment of 300 months, consistent with the statutory mandatory minimum, followed by five years of supervised release. ECF No. 63. On May 7, 2018, McRae filed the instant § 2255 motion requesting that the court set aside his sentence. ECF No. 64. On July 20, 2018, the government responded to McRae's motion and asked the court to stay this matter until the Fourth

1

Circuit resolved two then-pending cases: United States v. Simms, 914 F.3d 229 (4th Cir. 2019) and United States v. Ali, 991 F.3d 561 (4th Cir. 2021). ECF No. 71. On December 10, 2019, McRae supplemented his motion in light of the Supreme Court's holding in United States v. Davis, 139 S. Ct. 2319 (2019). ECF No. 75. On October 27, 2020, the court appointed counsel to further supplement McRae's motion based on the recent developments in the law. ECF No. 88. On January 19, 2021, McRae's counsel supplemented his motion by way of a reply. ECF No. 90. As such, McRae's motion is now ripe for review.

## II. STANDARD

Pursuant to 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

McRae argues that his conviction under § 924(c) is unconstitutional based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as void for

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

2

vagueness. Section 924(c) contains a residual clause that is similar to the ACCA's residual clause. McRae's initial motion was premised upon an extrapolation of the new law announced in Johnson; however, in supplements to his motion, McRae relies on United States v. Davis, a more recent case in which the Supreme Court ruled definitively on the constitutionality of § 924(c)'s residual clause. 139 S. Ct. 2319. In Davis, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague. Id. at 2336. The Fourth Circuit recently joined the Fifth, Tenth, and Eleventh Circuits in holding that Davis established a new substantive rule that must be applied retroactively. In re Thomas, 988 F.3d 783, 790 (4th Cir. 2021); see also United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019), as revised (Sept. 30, 2019); United States v. Bowen, 936 F.3d 1091, 1097 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019).

However, even in light of Davis, the court must deny McRae's motion because his § 924(c) conviction and sentence are still valid based on the force clause. Section 924(c) prohibits "any person . . . during and in relation to any crime of violence or drug trafficking crime . . ." from "us[ing] or carr[ying] a firearm, or . . . , in furtherance of any such crime," from "possess[ing] a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact. As such, § 924(c) convictions

based on an underlying crime of violence that fits within the force clause's definition remain valid. The crime of violence upon which McRae's § 924(c) conviction is based is Hobbs Act Robbery. See ECF No. 2. McRae argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)'s force clause. While McRae is correct that the residual clause is void for vagueness, the second half of his argument fails because the Fourth Circuit has explicitly held that Hobbs Act Robbery qualifies as a crime of violence under the force clause.[2] United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Therefore, McRae's § 924(c) conviction is still valid, and neither Johnson nor Davis offers McRae any relief. Thus, the court denies McRae's § 2255 motion. Further, the court finds all related motions to be moot. ECF Nos. 70, 72, 74, and 75.[3]

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v.

---

[2] Conspiracy to commit Hobbs Act Robbery, conversely, falls under the now-invalidated residual clause. See Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 234.

[3] The government's motion to extend deadlines, ECF No. 70, and motion for a stay, ECF No. 72, have been mooted by the passage of time. McRae's motion to supplement, ECF No. 74, is also moot, given that appointed counsel supplemented McRae's motion, ECF No. 90. Finally, ECF No. 75, styled as a motion to supplement, is itself a supplement to McRae's motion, which the court considered in writing this order.

Cockrell, 537 U.S. 322, 336–38 (2003). Here, McRae does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

### IV. CONCLUSION

For the foregoing reasons, the court **DENIES** the motion. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 23, 2021
Charleston, South Carolina**