## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| CRUSTANTATION MCRAE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 9:15-cr-0454-DCN-1 |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Crustantation McRae's ("McRae") motion for reconsideration, ECF No. 93. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On July 14, 2015, the government filed an indictment charging McRae with two counts: (1) robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a) ("Hobbs Act Robbery") and (2) possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) ("Count Two"). ECF No. 2. On February 1, 2017, McRae pled guilty to Count Two pursuant to a written plea agreement. ECF No. 53. On August 18, 2017, the court sentenced McRae to a term of imprisonment of 300 months, consistent with the statutory mandatory minimum, followed by five years of supervised release. ECF No. 63. On May 7, 2018, McRae filed a motion requesting that the court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 64. This matter was subsequently stayed until the Fourth Circuit resolved two then-pending cases, including United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On June 23, 2020, the court denied McRae's § 2255 motion (the "§ 2255 Order"). ECF No. 91.

On August 2, 2021, McRae filed a motion styled as a motion for reconsideration. ECF No. 93. The United States of America (the "government") responded in opposition on February 22, 2022. ECF No. 58. McRae did not file a reply. The motion is now ripe for the court's review.

## II.  DISCUSSION

A motion for reconsideration of a ruling denying a § 2255 motion is "treated either as one under Rule 59(e) or as one under Rule 60(b) [of the Federal Rules of Civil Procedure], a classification typically dependent on the date the motion is filed." See Vargas v. United States, 2010 WL 11565414, at *2 (D.S.C. Dec. 20, 2010). Although he does not specify, McRae appears to bring this motion under the first ground of a Rule 59(e) motion, as he argues that the court failed to consider recent holdings from the Fourth Circuit and the Supreme Court. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted) (noting that a court may alter or amend a judgment if the movant shows "an intervening change in the controlling law"). However, as a Rule 59(e) motion, McRae's motion is untimely. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). The court entered judgment in this case on June 24, 2021, ECF No. 92, and McRae filed his motion for reconsideration on August 2, 2021. Rule 59(e)'s time limitation also applies to motions for reconsideration of § 2255 orders. United States v. Prysock, 2012 WL 12836664, at *1 (D.S.C. Dec. 4, 2012). When such a motion is untimely, courts construe the motion as one filed under Rule 60(b). See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015) ("We focus on Fed. R. Civ. P.

60(b), because [the defendant]'s motion was filed more than [the requisite number of] days after the entry of judgment."); Vargas, 2010 WL 11565414, at *2 (noting that if a motion is not filed within the 28-day period set for Rule 59(e) motions, it "will be examined under Rule 60(b)"); Prysock, 2012 WL 12836664, at *1 (construing an untimely Rule 59(e) motion to alter or amend as a Rule 60(b) motion). Accordingly, the court construes McRae's motion as a Rule 60(b) motion.

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. Specifically, Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The purpose of Rule 60(b) is to correct mistakes made in the issuance of a final judgment or order; it is not a vehicle for re-litigating claims brought by the petitioner in the § 2255 petition. Winestock, 340 F.3d at 206–07. Here, McRae's motion is most fairly read as asserting a right to relief from judgment under either Rule 60(b)(5) or (b)(6). But typically, under both Rule 60(b)(5) and (b)(6), "a change in decisional law

subsequent to a final judgment provides no basis for relief." Dowell, 993 F.2d at 48

(citing Hall v. Warden, Md. Penitentiary, 364 F.2d 495, 496 (4th Cir. 1966)).  The same

is true for "decisional law that occurred while [an inmate's] first post-conviction appeal

was still pending."  United States v. Salas, 807 F. App'x 218, 230 (4th Cir. 2020).

    Those rules notwithstanding, McRae maintains that the court erred in failing to

consider recent cases.  Based on their merits, however, McRae's arguments are not

exempted from Rule 60(b)'s exacting standards.  In the court's § 2255 Order, the court

held that McRae's conviction and sentence under Count Two were valid based on

§ 924(c)'s "force clause."  Section 924(c) prohibits any person "during and in relation to

any crime of violence" from "us[ing] or carr[ying] a firearm" or "in furtherance of any

such crime, possess[ing] a firearm."  18 U.S.C. § 924(c)(1)(A).  The section defines the

term "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical
> force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against
> the person or property of another may be used in the course of committing
> the offense.

Id. § 924(c)(3).  "Courts commonly refer to § 924(c)(3)(A) as the 'force clause' and to

§ 924(c)(3)(B) . . . as the 'residual clause.'"  Taylor v. United States, 2021 WL 1986774,

at *3 (D.S.C. May 18, 2021).

    In the § 2255 Order, the court agreed with McRae, who had argued in his § 2255

motion that the Supreme Court had recently determined that the residual clause was

unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319 (2019).  ECF No. 91

at 4.  However, the court determined that notwithstanding the invalidation of the residual

clause, McRae's conviction under § 924(c) was still valid because the underlying Hobbs

4

Act Robbery qualified as a crime of violence under the force clause. In reaching this decision, the court cited the Fourth Circuit's holding in United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). In his motion for reconsideration, McRae argues that the court failed to consider another Fourth Circuit case, United States v. Green, 966 F.3d 176 (4th Cir. 2021). The court first considers the effect of Green on McRae's § 924(c) conviction—which was the focus of the § 2255 Order—before turning to the effect Green, in tandem with cases concerning the residual clause, has on McRae's sentence.

### A. Section 924(c) Conviction

In Green, the Fourth Circuit determined that Hobbs Act robbery does not categorically qualify as a crime of violence under the career offender guidelines set forth in the United States Sentencing Guidelines ("USSG") Manual § 4B1.2(a)(1). Id. at 181. The Fourth Circuit reasoned that the sentencing guidelines' force clause requires the use or threatened use of force "against the person of another," while Hobbs Act robbery may be committed by force or threats against a "person or property." Id. (first quoting USSG § 4B1.2(a)(1); and then quoting 18 U.S.C § 1951(b)(1)) (emphases in original).

McRae does not appear to be arguing that his § 924(c) conviction is invalid. Nor can he. In Green, the Fourth Circuit specified that it was not overturning its ruling in Mathis—that Hobbs Act robbery is a crime of violence under § 924(c). Id. As the Fourth Circuit explained, "[§] 924 does contain a force clause, but that force clause – unlike § 4B1.2(a)(1)'s – covers use or threats of force against property as well as persons." Id. (citing 18 U.S.C. § 924(c)(3)(A) (emphasis in original). As such, "[t]here

is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)." Id. McRae appears to acknowledge this distinction, as he argues in his motion to reconsider that the court overlooked Green's impact on his sentence, which was premised on his career-offender status pursuant to USSG § 4B1.1(c)(3). To the extent that McRae argues that the court erred in upholding his § 924(c) conviction, McRae "misunderstands Green" because "Green does not undermine Mathis' holding that Hobbs Act robbery is a crime of violence for § 924(c) purposes." See Hallman v. United States, 2021 WL 2518218, at *3 (W.D.N.C. June 18, 2021); see also Green, 966 F.3d at 181; Taylor, 2021 WL 1986774, at *5 n.2 (noting that Green "has no application" to a motion seeking relief from the statutory minimum sentence under § 924(c)). Therefore, there is no reason under Rule 60(b) that justifies relief from McRae's conviction under § 924(c).

### B. Sentencing Guidelines

Next, the court turns to McRae's argument about his status as a career offender under the sentencing guidelines. During sentencing, the court determined that McRae was a career offender based on three predicate crimes of violence. These included a 1991 conviction in Georgia state court for armed robbery, a 2003 conviction in Georgia state court for armed robbery, and a 2005 conviction in the Eastern District of Virginia for conspiracy to obstruct commerce by robbery ("Hobbs Act conspiracy"). ECF No. 58, PSR ¶¶ 17, 21–22. In his motion to reconsider, McRae argues that the 1991 conviction was later pled down to a lesser included offense of robbery by intimidation. McRae then argues that in the 2003 offense, he was merely serving as the getaway driver, implying that it was not a crime of violence. Finally, according to McRae, his 2005 Hobbs Act

6

conspiracy conviction cannot serve as a predicate 924(c) offense because, per <u>Green</u>, it is not a crime of violence under the force clause and per the Supreme Court, the residual clause is unconstitutionally vague. In its response, the government argues that McRae's claims raise yet another set of procedural defects. Specifically, the government avers that McRae's claims are procedurally defaulted, that they are improperly raised for the first time, and that they improperly ask this court to invalidate another court's judgment. The court agrees with the government that McRae's argument is procedurally defaulted.

The government argues that McRae's claim—that his career-offender designation is invalid under <u>Davis</u> and <u>Simms</u>—is procedurally defective because it is a collateral attack that McRae failed to raise on direct appeal. A § 2255 motion is not a substitute for a direct appeal.[1] <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings unless a petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621–22 (1998). Here, McRae has not raised any arguments claiming actual innocence, so the court looks to the cause-and-prejudice standard. Under the first prong, a change in law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'"

---

[1] This argument is typically presented and evaluated upon the filing of a motion to vacate under § 2255. Indeed, where there is a Rule 60(b) motion, the question is whether the motion is a successive application—which would require preauthorization from a court of appeals—or a motion seeking remedy for some defect in the collateral review process. <u>United States v. Patel</u>, 2021 WL 5889983, at *8 (W.D. Va. Dec. 13, 2021), <u>appeal filed</u>. Since the court did not previously rule on whether McRae's claims concerning his prior convictions were proper for collateral review to begin with, the court favorably construes his motion as a challenge to the collateral review process and evaluates the argument in this order.

Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16

(1984)).  Under this inquiry, "the question is not whether subsequent legal developments

have made counsel's task easier, but whether at the time of the default the claim was

'available' at all."  Smith v. Murray, 477 U.S. 527, 537 (1986).  Under the second prong,

to show actual prejudice, a petitioner must "demonstrate that the error worked to his

'actual and substantial disadvantage,' not merely that the error created a 'possibility of

prejudice.'"  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v.

Carrier, 477 U.S. 478, 494 (1986)).  The court considers each prong in turn.

### 1. Cause for the Default

Although McRae does not specify, he appears to argue that a novel change in law

supplies the grounds for a collateral attack, citing in his § 2255 motion the Fourth Circuit

and Supreme Court's 2019 holdings in Simms and Davis, respectively.  ECF No. 91 at 3.

Courts are divided on whether a vagueness challenge to the residual clause of § 924(c)

should be considered novel if the petitioner's opportunity for direct appeal came before

Simms and Davis were decided.  Compare United States v. Dennis, 2021 WL 3022674, at

*5 (D.S.C. July 16, 2021) ("Defendant makes no argument that some objective external

impediment prevented the raising of a Simms/Davis-type claim in challenge to his

§ 924(c) conviction at the time for direct review in [2011]."), with United States v.

Jimenez-Segura, 476 F. Supp. 3d 326, 335 (E.D. Va. 2020) ("[D]efendant has shown

cause for failing to assert a vagueness challenge to the residual clause of § 924(c) on

direct appeal pursuant to the third category identified in Reed.").  The government takes

the former position, arguing that McRae could have raised the same argument when he

was convicted in April 2017 because at that time, at least one district court in this circuit

8

had already ruled that the residual clause was unconstitutional.  See ECF No. 99 at 5 (citing United States v. Edmundson, 153 F. Supp. 3d 857 (D. Md. 2015)).  The government also points out that McRae was aware of Edmundson because he cited it in his original § 2255 motion in 2018.  While the court ultimately agrees that McRae's argument is procedurally barred, it disagrees with the government's underlying premise.  Specifically, the court disagrees that the existence of one prior district court case finding that the residual clause was unconstitutional should have made the claim "reasonably available to counsel."  See Bousley, 523 U.S. at 622.  A survey of cases from around the time of McRae's conviction reveals that the courts themselves were unsettled on the issue.  See, e.g., Cousins v. United States, 198 F. Supp. 3d 621, 627 n.6 (E.D. Va. Aug. 2, 2016) ("Importantly, the Supreme Court has not ruled that the residual clause in § 924(c)(3) is unconstitutionally vague.").  It was not until 2019 that the Fourth Circuit decided Simms, which held that § 924(c)'s residual clause was void for vagueness and that Hobbs Act conspiracy did not fall within § 924(c)'s force clause.  914 F.3d at 233–34, 236.  Five months later, the Supreme Court decided Davis, which also held that § 924(c)'s residual clause was unconstitutionally vague.  139 S. Ct. at 2336.

The court nevertheless finds that Davis does not present cause for procedural default because as it relates to McRae, the decision does not fall under any of the categories in which an attorney may lack a "reasonable basis" to raise a novel claim.  The Supreme Court has "identified three situations in which a 'new' constitutional rule[] represent[s] 'a clear break from the past'" such that the issue raised "was sufficiently novel at the time of the appeal from [the petitioner's] conviction to excuse his attorney's failure to raise it at that time:"

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may "overturn a longstanding and widespread practice to which this Court has not spoken, but which a near unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprove a practice this Court arguably has sanctioned in prior cases."[2]

Reed, 468 U.S. at 17 (alterations in original) (cleaned up).

The Eastern District of Virginia thoroughly analyzed the same standard and determined that in the case before it, Davis constituted a decision of the Supreme Court that "disapproved 'a practice [the Supreme] Court arguably has sanctioned in prior cases," and therefore, the decision provided a "reasonable basis" for raising a collateral attack. See Jimenez-Segura, 476 F. Supp. 3d at 335 (quoting Reed, 468 U.S. at 17) (alterations in original). As it explained, the Supreme Court had previously rejected a vagueness challenge to the Armed Career Criminal Act's ("ACCA") nearly identically-worded residual clause in James v. United States, 550 U.S. 192 (2007). The Eastern District of Virginia determined that "[g]iven the similarity between the ACCA's residual clause and § 924(c)'s residual clause, it is clear that [the] defendant meets the third circumstance identified in Reed to satisfy cause to excuse procedural default." Jimenez-Segura, 476 F. Supp. 3d at 336. The court's reasoning was sound, but based on the procedural history in that case, the decision in Jimenez-Segura is uniquely applicable to that case, and not the one here. As the court went on to explain, the Supreme Court reversed its decision in 2015, holding that the ACCA's residual clause was unconstitutional. Id. (citing United States v. Johnson, 457 U.S. 537, 551 (1982)).

---

[2] Reed further requires that the constitutional principle that was not previously recognized must be "held to have retroactive application." 468 U.S. at 17. This prerequisite has been met as the Fourth Circuit determined that "Davis applies retroactively to cases on collateral review." In re Thomas, 988 F.3d 783, 786 (4th Cir. 2021)

According to the court, <u>Johnson</u> proved that the Supreme Court expressly disapproved a practice that it had arguably sanctioned in prior cases. <u>Id.</u> However, judgment in <u>Jimenez-Segura</u> was entered in 2007; the Supreme Court issued <u>James</u>—the case that had rejected the vagueness challenge—two months prior to the petitioner's guilty plea. <u>Id.</u> at 335. As a result, during his direct appeal, Jimenez-Segura had a reasonable basis for failing to press a claim challenging a practice that the Court arguably sanctioned because he did not have the benefit of <u>Johnson</u>'s ruling in 2015. Here, McRae's judgment was issued on May 12, 2017, and an amended judgment was issued on August 18, 2017. ECF Nos. 60, 63. Thus, McRae could no longer claim that the Supreme Court had previously rejected claims that the ACCA's residual clause was unconstitutional. Indeed, in McRae's original § 2255 motion filed in 2018, McRae referenced <u>Johnson</u>, arguing that the court "should consider that the statute in Johnson striking down the ACCA's residual clause [§] 924(e)(2)(B)(ii) is listed under [§] 924 just like the residual clause in [§] 924(c)." ECF No. 64-1 at 1. The court finds that the Supreme Court's ruling in <u>Johnson</u> meant that the claim was "available," and McRae had a reasonable basis for raising the claim in a direct appeal as well. Accordingly, the court finds that <u>Davis</u> did not represent a change in law that created a claim "so novel that its legal basis [wa]s not reasonably available to counsel." <u>Bousley</u>, 523 U.S. at 622.

**2. Actual Prejudice**

Alternatively, under the second prong, the court finds that McRae has failed to show actual prejudice, and his § 2255 claim may be denied for that reason as well. Like the court in <u>Dennis</u>, this court proceeds to analyze the actual prejudice requirement despite finding that the first prong was not met. In <u>Dennis</u>, the court determined that the

defendant had "not demonstrated [that] the <u>Simms</u>/<u>Davis</u> error in his case worked to his actual and substantial disadvantage" because his § 924(c) conviction remained properly predicated on a drug trafficking crime.  Although the court was analyzing the underlying offense for the defendant's § 924(c) conviction—analysis that the court already dispensed with in this case—the same reasoning applies for finding a lack of actual prejudice in McRae's sentencing.  It is true that McRae's 2005 conviction in the Eastern District of Virginia may not be a predicate crime of violence under the sentencing guidelines, but he still has two other such offenses that qualify.  McRae argues that those prior state convictions are not crimes of violence either, but for those offenses, <u>Simms</u> and <u>Davis</u> do not apply, as they were not Hobbs Act-related offenses.  Instead, McRae argues that his 1991 conviction was pled down to robbery by intimidation and in his 2003 offense, he was merely serving as the getaway driver.  McRae cites no authority that supports his claims that these offenses, even as described by McRae, are not predicate crimes of violence for purposes of the career offender provisions of USSG § 4B1.1.  Rather, caselaw from within this circuit suggests that they are, in fact, proper predicate offenses. <u>See</u> <u>United States v. Campbell</u>, 2018 WL 6625084, at *5 (E.D. Va. Dec. 18, 2018) (citing <u>United States v. Ellison</u>, 866 F.3d 32, 33 (1st Cir. 2017)) ("[B]ank robbery by intimidation qualifie[s] as a crime of violence under the career offender sentencing guideline[.]"); <u>cf.</u> <u>United States v. Speight</u>, 972 F.2d 344 (4th Cir. 1992) (unpublished table opinion) (determining that a defendant who served as a getaway driver participated in the armed robbery, and "armed bank robbery constitutes a crime of violence").  The proper application of two prior crimes of violence, rather than three, does not

demonstrate that the error worked to McRae's "actual and substantial disadvantage." See Satcher, 126 F.3d at 572.

Therefore, McRae has not demonstrated actual prejudice, and the court concludes it lacks jurisdiction to hear McRae's claims. Moreover, as previously discussed, McRae failed to raise any of these claims on direct appeal. Since McRae's general argument is one that he could have raised on appeal, the argument is not properly raised on collateral review.

### III.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for relief from judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 21, 2022**
**Charleston, South Carolina**